

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles, Commissioner
General Land Office
Austin, Texas

Dear Sir:

Opinion No. O-4671
Re: Foreclosure by assignee under
Article 5328, Revised Statutes,
1925, of State's lien for unpaid
principal and interest due on
Public Free School Lands.

We acknowledge receipt of your letter of June 23,
1942, giving certain facts and requesting an opinion as follows:

"On September 24, 1914, the State of Texas awarded
to J. M. Hale Section 2, Certificate 3600, G.C.& S.F. Ry.
Co. lands, containing 640 acres, in San Augustine County,
Texas. This land was sold with an 'agricultural' classifi-
cation; wherein the State retained no interest in the
minerals.

"The records in the case indicate that Mr. Hale
sold the mineral rights in the land that he had purchased.
There is at this time an unpaid principal balance of
$2,340.00 and a delinquent interest accumulation of $1,426.01.
Mr. Hale has conveyed the surface estate to Mr. D. M. Hen-
derson, who assumed the above mentioned indebtedness. Mr.
Henderson now agrees that a third person may pay the obliga-
tion owing the State of Texas and that the State of Texas
may transfer all its rights, liens, and remedies in accord-
ance with the provisions of Article 5328, Revised Civil
Statutes of Texas.

"It is understood that this third person will insti-
tute foreclosure proceedings against Mr. Henderson as the
owner of the surface and against those persons holding
deeds to the mineral estate.

"Your official opinion is requested upon the follow-
ing question:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"If the State transfers all its rights, liens, and remedies, in accordance with said Article 5328, can the transferee file foreclosure proceedings and recover the minerals as well as the surface estate?"

Articles 5327 and 5328, Revised Statutes, 1925, read as follows:

"Art. 5327. Lien

"To secure the payment of all principal and interest due upon any sale of public free school land, University land, and the several asylums land, the State shall have an express lien for the use and benefit of the fund to which the land belongs in addition to any right and remedy that it has for the enforcement of the payment of any principal or interest that may become due and unpaid.

"Art. 5328. Transfer of indebtedness

"If any person, firm or corporation of the Federal Farm Loan Bank with the consent of the owner of any lands mentioned in the preceding article, pays to the State the principal and interest due upon any obligation given for such land, the Commissioner shall be authorized, upon written request of such owner duly acknowledged in the manner required for the conveyance of real estate, coupled with an affidavit of ownership, to execute, acknowledge and deliver a written transfer of the indebtedness held by the State to such person, firm or corporation or the Federal Farm Loan Bank which shall thereupon be subrogated to all the rights, liens and remedies held by the State to secure and enforce the payment on the amount of principal and interest so paid to the State. If the land claimed by the one representing himself to be the owner should be held under such evidence of titles as the law or rules of the Land Office will not authorize or permit to be filed in said office, then the Commissioner may admit the owner to be such person as the person, firm or corporation or the Federal Farm Loan Bank paying the indebtedness shall admit to be the owner, and upon such admission the instrument of transfer shall be executed. Nothing herein shall change in any particular whatever, the law or rules that obtain in the Land Office relative to titles to land and the issuance of patents thereon."

Honorable Bascom Giles, page 3

We answer your question in the affirmative but we doubt whether the Commissioner has authority under Article 5328 to transfer the State's indebtedness under the circumstances stated in your letter. The owner of the minerals is an owner of land in the same sense that the owner of the surface estate is an owner of land. 31 Texas Jurisprudence 557. If both owners, where as in your case the mineral and surface estates are separately owned, consent to a third person paying the State's indebtedness and both owners agree by "written request . . . duly acknowledged in the manner required for the conveyance of real estate, coupled with an affidavit of ownership" to a transfer of the State's lien to such third person, we are of the opinion that such third person is "subrogated to all the rights, liens and remedies held by the State" and can enforce such rights, liens and remedies against both the mineral and surface estates by foreclosure proceedings in a court of competent jurisdiction. If the owner of the mineral estate does not consent to the payment of the State's indebtedness by a third person and the transfer of the State's lien to such person, it is our opinion that the Commissioner could not lawfully transfer any lien against the mineral estate to such third person and consequently no third person could foreclose against the mineral estate.

The fact that there may have been a default on the part of the owner of the mineral estate in the payment of the debt due the State does not ipso facto cancel his contract. Texas Jurisprudence states the rule as follows:

"A failure to pay installments which are due under the contract concerns the State only, subjecting the rights of the purchaser to forfeiture; but, until forfeiture has been exacted by the Land Commissioner in the manner specified by law, the purchaser's title is not affected. . . ." 34 Tex.Jur. 174, 175.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

FD:db

APPROVED JUL. 17, 1942

(Signed) GERALD C. MANN
Attorney General of Texas

By (Signed) FAGAN DICKSON
Assistant

APPROVED JUL. 17, 1942
(Signed) GERALD C. MANN
Attorney General of Texas

APPROVED Opinion Committee
By B.W.B. Chairman